**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

ATIYA KIRKLAND BEY,

      Plaintiff,

v.

PENNSAUKEN MUNICIPAL COURT,
STEVEN M. PETRILLO, DONNA M.
KENNEY, MERCHANTVILLE
MUNICIPAL COURT, OREN R.
THOMAS, III, MAUREEN F.
FINNEGAN, ROSMARY S. KELLY,
ALICIA D. HOFFMEYER, CAMDEN
MUNICIPAL COURT, PALMIRA
WHITE, TONYA STEWART,
CHRISTINE T.J. TUCKER, SHARON
EGGLESTON, ELISSA REDMER,
DONNA LEE VITALE, DIVISION OF
CHILD PROTECTION AND
PERMANENCY, MELISSA IDLER,
JENNY ESPINAL, JENNIFER
DISANTIS, STATE OF NEW JERSEY
OFFICE OF THE PUBLIC DEFENDER
LAW  GUARDIAN, URIJAH SUAREZ,
EDEN FAYTHE FELD, LAUREN
PETTY, KELLY DONEGAN, PAUL
FITZPATRICK, EVESHAM
MUNICIPAL COURT, CHERYL
BEAUMONT, STACI HEAVNER,
CAMDEN COUNTY SUPERIOR COURT,
LINDA W. ENYON, NALO BROWN,
MARY WIESEMAN, MARY EVA
COLALILLO, KAREN J. CAPLAN,
DAVID ANDERSON, DAVID GARNES,
RODERICK T. BALTIMORE,
TEOFILO MONTANEZ-SANTIAGO,
KELLY DONEGAN, IRIS MOORE,
CHRIS CHRISTIE, CAMDEN
MUNICIPAL CODE ENFORCERS,

1:17-cv-9019 (NLH/LHG)

**MEMORANDUM**
**OPINION & ORDER**

CAMDEN PARKING AUTHORITY,
STARR M. WATSON KIRKLAND,
EVESHAM TOWNSHIP CODE
ENFORCERS, WESTVILLE CODE
ENFORCERS, WOODLYNNE
MUNICIPAL CODE ENFORCERS,
KENNEDY HOSPITAL, ST. CECILIA
SCHOOL, PHILADELPHIA PARKING
AUTHORITY, DELAWARE VALLEY
PSYCHOLOGICAL SERVICES, LLC,
SUPERIOR COURT OF NEW JERSEY
CHANCERY DIVISION, FAMILY
PART, ATTORNEY GENERAL OF NEW
JERSEY FOR THE DIVISION OF
CHILD PROTECTION AND
PERMANENCY, CARISSA FERGUSON-
THOMAS, MERYL E. UDELL,
TENICHA TOWNSEND-MOBLEY, DCF-
LO-CAMDEN NORTH, J. CLINE,
JOEL SCHNEIDER, ANN MARIE
DONIO, DEAN GIRARD NASSON,
BRADFORD GILL, ERICA G.
SMITH, G. QUINTANA, BRUCE
BULLOCK, DAWN BRANCH, LISA
VON PIER, JESSICA TROMBETTA,
CHARMAINE THOMAS, BRIAN C.
ROSS, CHRISTOPHER S. PORRINO,
JAMES LOUIS, JOSEPH E.
KARKARA, LORRAINE M.
AUGUSTINI, CENTRALIZED
INFRACTIONS BUREAU, NEW
JERSEY SUPERIOR COURT, STATE
OF NEW JERSEY, PENNSAUKEN
MUNICIPAL CODE ENFORCERS, and
NEW JERSEY MOTOR VEHICLE
COMMISSIONER,

        Defendants.

**APPEARANCES:**

ATIYA KIRKLAND BEY
2268 41ST STREET
PENNSAUKEN, NJ 08110
     Appearing pro se


**HILLMAN**, District Judge

     WHEREAS Plaintiff Atiya Kirkland Bey, appearing pro se,

filed a complaint on October 17, 2017, followed by a November

30, 2017 amended complaint, asserted against seventy-nine named

defendants; and

     WHEREAS Plaintiff claims she was forced to have supervised

visitation with her son against her will and that she was pulled

over by "code enforcers" unlawfully and given parking tickets in

"violati[on of her] constitutional rights"; and

     WHEREAS Plaintiff asks for "all records . . . corrected,

expunged and sealed," "a copy of all [of her] records," "a

formal written apology from" various individuals, "$1 billion

dollars" "[f]or all of [her] stress, defamation of character and

forced separation from [her] son," and not to "be on the . . .

detain list"; and

     WHEREAS Plaintiff has filed an application to proceed

without prepayment of fees ("in forma pauperis" or "IFP"

application), and pursuant to 28 U.S.C. § 1915(a)(1), a court

may allow a litigant to proceed without prepayment of fees if he

submits a proper IFP application; and

WHEREAS, although § 1915 refers to "prisoners," federal courts apply § 1915 to non-prisoner IFP applications, Hickson v. Mauro, No. 11-6304, 2011 WL 6001088, at *1 (D.N.J. Nov. 30, 2011) (citing Lister v. Dep't of Treasury, 408 F.3d 1309, 1312 (10th Cir. 2005)); Lister, 408 F.3d at 1312 ("Section 1915(a) applies to all persons applying for IFP status, and not just to prisoners."); and

WHEREAS the screening provisions of the IFP statute require a federal court to dismiss an action sua sponte if, among other things, the action is frivolous or malicious, or if it fails to comply with the proper pleading standards, see 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); Ball v. Famiglio, 726 F.3d 448, 452 (3d Cir. 2013); Martin v. U.S. Dep't of Homeland Security, No. 17-3129, 2017 WL 3783702, at *1 (D.N.J. Aug. 30, 2017) ("Federal law requires this Court to screen Plaintiff's Complaint for sua sponte dismissal prior to service, and to dismiss any claim if that claim fails to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6) and/or to dismiss any defendant who is immune from suit."); and

WHEREAS pro se complaints must be construed liberally, and all reasonable latitude must be afforded the pro se litigant, Estelle v. Gamble, 429 U.S. 97, 107 (1976), but pro se litigants "must still plead the essential elements of [their] claim and [are] not excused from conforming to the standard rules of civil

4

procedure," <u>McNeil v. United States</u>, 508 U.S. 106, 113 (1993)

("[W]e have never suggested that procedural rules in ordinary

civil litigation should be interpreted so as to excuse mistakes

by those who proceed without counsel."); <u>Sykes v. Blockbuster</u>

<u>Video</u>, 205 F. App'x 961, 963 (3d Cir. 2006) (finding that pro se

plaintiffs are expected to comply with the Federal Rules of

Civil Procedure); and

WHEREAS Plaintiff does not provide sufficient factual

allegations to support her claim that the Federal Constitution

and various statutes[1] were violated, <u>see generally</u> <u>Baldwin Cty.</u>

<u>Welcome Ctr. v. Brown</u>, 466 U.S. 147, 149-50 n.3 (1984)

("Although the Federal Rules of Civil Procedure do not require a

claimant to set forth an intricately detailed description of the

asserted basis for relief, they do require that the pleadings

'give defendant fair notice of what the plaintiff's claim is and

the grounds upon which it rests.'" (quoting <u>Conley v. Gibson</u>,

355 U.S. 41, 47 (1957))); and

WHEREAS Plaintiff further does not plead the basis for any

liability for the majority of the named defendants; and

WHEREAS, for those named defendants Plaintiff does attempt

---

[1]     Plaintiff alleges the following are at issue: "Status,
Constitutional authority, federal jurisdiction, human rights,
rights of indigenous people, resolution 75, and Treaty of Peace
and Friendship 1786, 1787, 1836, The 5.1 Constitutional
Challenge."

to plead liability, namely Melissa Idler, Jenny Espinal, Starr Watson Kirkland, Linda Enyon, and the Pennsauken Municipal Code Enforcers, Plaintiff's vague, conclusory allegations fail to satisfy the pleading standards required in civil actions by Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009), see Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (3d Cir. 2009) ("[A] complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts."); and

WHEREAS the Court therefore finds Plaintiff's complaint is deficient; and

THEREFORE,

IT IS HEREBY on this __9th__ day of __March__, 2018

**ORDERED** that Plaintiffs' IFP application (Docket No. 3) is hereby **GRANTED**, and the Clerk of the Court is directed to file Plaintiff's complaint; and it is further

**ORDERED** that Plaintiff's amended complaint is **DISMISSED WITHOUT PREJUDICE** in its entirety; and it is further

**ORDERED** that Plaintiff may move to reopen her case within twenty days from the date of this Order, attaching to any such motion a proposed second amended complaint[2] which addresses the

---

[2]    When an amended complaint is filed, it supersedes the original and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading. See W. Run Student Housing Assocs., LLC v. Huntington Nat'l

deficiencies of the original complaint as described herein; and it is further

     **ORDERED** that the Clerk of the Court shall mark this case **CLOSED**.


                                                s/ Noel L. Hillman

At Camden, New Jersey        NOEL L. HILLMAN, U.S.D.J.

---

Bank, 712 F.3d 165, 171 (3d Cir. 2013); see also 6 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1476 (3d ed. 2008).  To avoid confusion, the safer practice is to submit an amended complaint that is complete in itself. Id.